Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
Binyamin I. Manoucheri, SBN 336468
binyamin@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MCMANUS, as parent and natural guardian of, KYLE MCMANUS, a minor, and QUYNH ANH HUU NGUYEN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERACTIVE EDUCATION CONCEPTS, INC. d/b/a IMPROV LEARNING and IMPROV SAFETY, a California corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Jennifer McManus, as parent and natural guardian of Kyle McManus, a minor, and Quynh Anh Huu Nguyen (together, "Plaintiffs"), individually and on behalf of all others similarly situated ("Class Members"), bring this action based upon their personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigations

1
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

of their attorneys.

## NATURE OF THE ACTION

1. In Florida, subject to limited exceptions, "Each Applicant for a driver license must complete a traffic law and substance abuse education course." FLA. Stat. Ann. 322.095(1) (West).

2. Interactive Education Concepts, Inc. d/b/a Improv Learning and Improv Safety ("Defendant") owns, operates, and controls https://www.myimprov.com/ (the "website"), a website offering "every driving course you need in one place."[1]  See **Exhibit A.**

3. Defendant is a Florida Department of Highway Safety and Motor Vehicles approved course provider in accordance with Florida Regulations § 15A-8.0061.

4. Defendant's offered courses includes a course in which consumers can satisfy the requirements of 322.095(1), entitled TLSAE – 4-HR. Drug and Alcohol Course Only ("FL Drug Course").  See **Exhibit B.**

5. Defendant's FL Drug Course can be bundled with a State of Florida Official Permit Exam.

6. Defendant employs unscrupulous business tactics to exact exorbitant fees from unsuspecting consumers for their own financial gain.

7. To accomplish this purpose, Defendant misrepresents the amount of the fee ("DMV Certificate Processing Fee") which Florida mandates course providers, such as Defendant, charge consumers who purchase the course. Defendant fraudulently misrepresents that the DMV Certificate Processing Fee is Nine Dollars and Fifty Cents ($9.50), when they are only entitled by statute to charge Three Dollars and Zero Cents ($3.00) for said fee.  See **Exhibit C**.

8. Reasonable consumers, relying on the Defendant's misrepresentation

///

---

[1] https://www.myimprov.com/

that the $9.50 cost is mandated by Florida state, remit payment to Defendant in order to satisfy the requirements espoused under FLA. Stat. Ann. 322.095(1).

9. Defendant's conduct is in violation of Florida Statutes §§ 559.72(9), 322.095(4) and (11), and the Florida Administrative Code, which limit the Florida State Assessment Fee to a set amount of $3.00, require that each student be provided with an itemized receipt, mandate that course providers disclose all fees associated with the course, and not charge any additional fees that are not clearly listed during the registration process.

10. Defendant knows or should be aware of the existence of the aforementioned statutes and Administrative Code and their application to Defendant because by the terms of the statute, Defendant's business activities in Florida, are expressly circumscribed by the statute.

11. Thus, Plaintiffs and every Class Member that signed up and paid for a driving course with Defendant, paid the Defendant the difference between the Florida state-mandated payment of $3.00 and $9.50 (the amount advertised by defendant as the DMV Certificate processing Fee), while under the impression that the Defendant's advertised DMV Certificate Processing fee was actually the mandated Florida reporting fee.

12. By virtue of its clear violations of Florida law, Defendant has violated the Unfair Competition Law ("UCL"); Fale Advertising Law ("FAL"); Fraud; negligent misrepresentation, fraud in the inducement.

## THE PARTIES

13. Plaintiff Jennifer McManus is the parent and natural guardian of Kyle McManus, a minor ("Jennifer" or "Kyle," respectively). Jennifer and Kyle, at all times relevant and as alleged herein, are residents of Florida, County of Broward.

14. Kyle enrolled in and completed the FL Drug Course offered through the Website, which included the DMV Certificate Processing Fee that Defendant fraudulently misrepresented as costing $9.50, inflated from $3.00. *See* **Exhibit C.**

3
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

15. Plaintiff Quynh Anh Huu Nguyen ("Quynh"), at all times relevant and as alleged herein, is a resident of Florida, County of Orange. As the fiancé to Kyle's uncle, Quynh paid for the FL Drug Course on behalf of Kyle in February 2021. Quynh is included in this lawsuit only as a result of her payment to Defendant on Kyle's behalf.

16. Defendant Interactive Education Concepts, Inc. is a California corporation with its headquarters in Woodland Hills, CA. Defendant owns, operates, and controls the Website, which offers "every driving course you need in one place." Defendant's servers for the website are in the United States. Defendant offers driving courses for the following states and districts: Arizona, California, Florida, Indiana, Kentucky, New York, Texas, Alabama, Alaska, Arkansas, Colorado, Connecticut, Delaware, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, and the District of Columbia.

17. Plaintiff is unaware of the true names, identities, and capacities of the Defendants sued herein as DOES 1 to 10. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of DOES 1 to 10 if and when ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings alleged herein and that each Defendant sued herein as a DOE proximately caused injuries and damages to Plaintiff as set forth below.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction over the state law claims alleged in Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) because: (a) the matter in controversy exceeds the sum of $5 million,

exclusive of interest and costs; and (b) some of the class members are citizens of a state (Florida), which is minimally diverse from the Defendant's state of citizenship (California). This Court also has subject matter jurisdiction over the state law claims alleged in Complaint pursuant to 28 U.S.C. § 1332, because: (a) the named class representative(s) are completely diverse from the Defendant; and (b) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

19. Defendant is subject to personal jurisdiction in this District. First, Defendant is both incorporated and has its principal place of business in California. Second, Defendant, through its Terms of Use, consents to the jurisdiction in a court of competent jurisdiction in Los Angeles County, California, and Defendant elected to have California law govern its Terms of Use. Further, this Court has personal jurisdiction over Defendant because it conducts and continues to conduct a substantial and significant amount of business in the State of California, Los Angeles County, and because Defendant's offending website is available across California and specifically offers courses for California residents.

20. Venue is proper in the Central District of California because, per the Terms of Use, Defendant consents and concedes that Venue in this Court is proper. Further, Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because (1) Defendant resides in this District, as all Defendants are residents of California; (2) Defendant's conducts and continues to conduct a substantial and significant amount of business in this District, and the events or omissions giving rise to the claim emanated from Defendant's activities in this District; and (3) Defendant is subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

21. Florida mandates that: "Each applicant for a driver license must complete a traffic law and substance abuse education course ("TLSAE Course"), unless the applicant has been licensed in another jurisdiction or has satisfactorily

completed a Department of Education driver education course offered pursuant to [§] 1003.48." FLA. State. Ann. 322.095(1) (West).

22. Kyle—in his efforts to obtain a driver's license in Florida—was required to and did complete Defendant's FL Drug course, in satisfaction of Florida's TLSAE Course requirement.

23. On or about February 13, 2021, Plaintiff visited the Website to look for an online driver's education class that included the TLSAE Course and found and purchased Defendant's FL Drug Course.

24. To purchase the course, Plaintiff selected Florida from the scroll down menu button on the main page. Plaintiff also selected the drivers' education course from the scroll down menu found alongside the former. *See* **Exhibit D.**

25. Plaintiff, proceeding to the following pages, remitted payment, by and through Quynh, for a DMV Certificate Processing Fee, for $9.50, Defendant's FL Drug Course, for $12.50, and the State of Florida Official Permit Exam, for $19.95, for a total purchase of $41.95.

26. Alongside the DMV Certificate Processing Fee, lies a small question mark in a blue circle, which Plaintiff hovered his cursor over. When Plaintiff hovered his cursor over the question encompassed with the blue circle, a window popped up extrapolating that the cost of $9.50 was a "Certificate Processing Fee." *See* **Exhibit E.**

27. Plaintiff, by and through the remittance of payment by Quynh, relied on Defendant's representation that the $9.50 consisted of a DMV Certificate Processing Fee, when making his purchase of Defendant's FL Drug Course.

28. FLA. State. Ann. 322.095(4)(West) states that:
[i]n addition to a regular course fee, an assessment fee in the amount of **$3** shall be collected by the school from each person who attends a course. The course provider must remit the $3 assessment fee to the department for deposit into the Highway Safety Operating Trust Fund

in order to receive a unique course completion certificate number for the student. (emphasis added).

29. Kyle completed Defendant's FL Drug Course and received a certificate number, pursuant to FLA. State. Ann. 322.095(4). *See* **Exhibit F.**

30. FLA. State. Ann. 322.095(11) (West) also requires that: "Course providers and all associated driver improvement schools that offer approved courses **shall disclose all fees associated with the course and shall not charge any fees that are not clearly listed during the registration process**." (emphasis added).

31. The Florida Administrative Code also contains the same requirement, mandating that:

(1) Assessment Fee –[**A**] **$3.00 fee for each person who completed a Traffic Law and Substance Abuse Education course**, which must be collected by the driver improvement school and remitted by the course provider to the Department." Florida Administrative Code, 15A-8.002 (emphasis added).

32. Florida Regulations § 15A-8.0061(2)(d) states that: "The course provider shall ensure that each driver improvement school conducting its course shall comply with the assessment fee collection required by Section 322.095, F.S., and the reporting procedure in Chapter 15a-8, F.A.C."

33. Florida Regulations § 15A-8.0061(2)(g)(4)(a) states that: "In addition to enrollment fees, an assessment fee in the amount of $3.00 (three dollars) shall be collected from each student who completed the [TLSAE] course."

34. Florida Regulations § 15A-8.0061(2)(g)(4)(b) states that: "Each student shall be provided with a receipt which reflects that the $3.00 assessment fee was collected."

35. Defendant's charging of $9.50 is in violation of 322.095(4), (11), and the Florida Administrative Code and regulations because the fee collected is $6.50 higher than the amount Defendant is entitled to collect, and Defendant fraudulently

misrepresents that the fee collected is solely to satisfy the statute's requirements.

36. Defendant's charging of $9.50 is also in violation of 322.095(11) because Defendant has, at best, failed to disclose all fees associated with the course. At worst, Defendant is charging consumers fraudulently under the guise of a DMV Certificate Processing Fee, remitting the $3.00 to the Highway Operating Trust Fund, and keeping the proceeds. Defendant is also in violation is 322095(11) because it is charging fees that are not clearly listed during the registration process. In fact, the fees charged are intentionally mislabeled to dupe consumers of the FL Drug Crouse into paying $6.50 more than then $3.00 Defendant is mandated to charge consumers for a TLSAE Course.

37. Fla. Stat. Ann. § 559.72(9) (West) states that: "In collecting consumer debts, no person shall: (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

38. Defendant is in violation of Fla. Stat. Ann. § 559.72(9) (West) because Defendant is asserting the existence of a legal right to collect $9.50 in satisfaction of 322.095(4), when Defendant is only entitled to collect $3.00.

39. Defendant possesses the requisite scienter because, pursuant to Florida Regulations § 15A-8.0061, Defendant had to, and did, submit its FL Drug Course to the Department of Highway and Motor Safety for approval. Defendant's possession of the requisite scienter can also be garnered from Defendant's obligation to submit to the Department, on a quarterly basis, a list of all driver improvement school conducting FL Drug Courses in Florida state, pursuant to Florida Regulations § 15A-8.0061.

40. Plaintiff, acting in reasonable reliance of the aforementioned misrepresentations made by Defendant, remitted payment for the FL Drug Course offered by Defendant in the amount of 12.50.

41. Plaintiff, acting in reasonable reliance of the aforementioned

1 misrepresentation made by Defendant, remitted payment for a DMV Certificate Processing fee of $9.50, $6.50 more than Defendant was entitled to collect under Florida statute, administrative codes, and regulations.

42. Plaintiff, acting in reasonable reliance of the aforementioned misrepresentations made by Defendant, also purchased Defendant's State of Florida Official Permit Exam.

43. Plaintiff lost property due to the transaction, in the form of overpaying for a service.

44. Plaintiff would not have paid as much as he did for the DMV Certificate Processing Fee if he had known that the true cost was actually $3.00, not $9.50.

## CLASS ACTION ALLEGATIONS

42. Plaintiffs, on behalf of themselves and all others similarly situated, seeks to certify a Floridian Class under Fed. R. Civ. P. 23(a) and 23(b)(2), the Floridian Class is initially defined as follows:

> all individuals, residing in Florida, who purchased from Defendant and paid more for a DMV Certificate Processing Fee than Defendant was statutorily permitted to charge during the applicable limitations period up to and including final judgment in this action.

43. Excluded from each of the above Classes is Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant. Also excluded are the judge and court personnel in this case and any members of their immediate families. Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

44. *Numerosity*: Fed. R. Civ. P. 23(a)(1). This action has been brought

and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class. Based on the number of customers who have visited Defendant's website, it is estimated that the Class is composed of more than 10,000 persons. Furthermore, even if subclasses need to be created for these consumers, it is estimated that each subclass would have thousands of Members. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

45. *Typicality*: Plaintiff's and Class Members' claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

46. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Members of the Class in that they have no interests antagonistic to those of the other Members of the Class. Plaintiff has retained experienced and competent counsel.

47. *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action. If Class treatment of these claims were not available, Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

48. *Common Questions Predominate*: Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the common questions of law and fact applicable to the Class are:

    a. Whether Defendants misrepresented the details and nature of transactions by false representation;

    b. Whether Defendants misrepresented the details and nature of transactions by concealment;

    c. Whether Defendants misrepresented the details and nature of transactions by nondisclosure;

    d. Whether Defendant's possessed the requisite scienter;

    e. Whether Defendants made their misrepresentations with intent to induce the reliance of Plaintiff and the Class Members;

    f. Whether Plaintiff and Class Members justifiably relied on Defendants misrepresentations;

    g. Whether Plaintiff and Class Members lost money and/or Property purchasing Defendant's FL Drug Course, in satisfaction of California's Unfair Competition law;

    h. Whether Plaintiff and Class Members lost the benefits of their bargains with Defendants;

    i. The nature of the relief, including equitable relief, to which Plaintiffs and Class Members are entitled; and

    j. Whether Plaintiffs and Class Members are entitled to damages, civil penalties and/or injunctive relief.

49. The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude their maintenance of this matter as a Class action.

50. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

51. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

52. The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interests of all Members of the Class, although certain Class Members are not parties to such actions.

53. Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## COUNT I

## DECEIT

### Cal. Civ. Code § 1709

54. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 53, inclusive, of this Complaint as if set forth fully herein.

55. One who willfully deceives another with intent to induce the person to alter his or her position to his or her injury or risk, is liable for any damage which he or she thereby suffers. Cal. Civ. Code § 1709.

56. The elements of fraud, which give rise to the tort action for deceit, are

a) misrepresentation (false representation, concealment, or nondisclosure; b) knowledge of falsity (or scienter); c) intent to defraud, i.e., to induce reliance; d) justifiable reliance; and e) resulting damage.

57. Defendant represented to Plaintiff and the Class Members that the fee charged for DMV Certificate Processing Fee, $9.50, was mandated by the state of Florida.

58. Defendant represented that its itemized receipt was accurate.

59. Defendant concealed the fact that not all fees on the itemized receipt were adequately represented.

60. Defendant did not disclose that Plaintiff and Class Members were being charge extra money, not due to Florida mandates, but for Defendant's pecuniary gain.

61. Defendant did not disclose that the actual fee Defendant was entitled to charge was $3.00, not $9.50.

62. Defendant should have or did possess the requisite scienter because the aforementioned statutes are expressly applicable to Defendant's business operations in Florida State.

63. Defendant's intent to defraud Plaintiff and the Class Members can be gleaned by the representations it fraudulently made to induce the Plaintiff and Class Members into thinking that they were paying a state mandated fee.

64. Plaintiff and Class Members reasonably relief on Defendant's representations because, as consumers, they are entitled to rely on a corporation's representations, as this trust is quintessential to a viable marketplace.

65. Plaintiff and the Class Members were damaged, in the form of remitting more for the course than they otherwise would have, had Defendant not misrepresented the actual act cost of the service provided and purchased.

///

///

## COUNT II

## NEGLIGENT MISREPRESENATION

66. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 65, inclusive, of this Complaint as if set forth fully herein.

67. Defendant represented to Plaintiff and the Class Members that the DMV Processing Fee of $9.50 was mandated by Florida state and was earmarked for Florida state coffers.

68. The statement encompassed within the question mark lying on a blue background and revealed when consumers hovered their cursors over the question mark that the cost was a DMV Processing Fee would lead a reasonable consumer to believe that the price paid was just that—mandated by Florida state and earmarked as such for Florida state.

69. Defendant's representation was and is false.

70. Defendant had no reasonable grounds for believing that the representation was true when they made them because the aforementioned statutes apply specifically to Defendant's business practices in Florida state. The reason why Defendant included the fee was because they Florida state mandated that they do so. Thus, it cannot reasonable be averred that Defendant did not know that the fee was $9.50, not $3.00.

71. Defendant intended that Plaintiff and the Class Members rely on the representation, and purchase the FL Drug Course to satisfy their obligation to comply with FLA. State. Ann. 322.095(1) (West)—under the false impression that the $9.50 was required to be charged by Defendant and was intended for the applicable governmental agency.

72. Plaintiff and the Class Members reasonably relied on the representation. Based on their reasonable belief, Plaintiff and the Class Members purchased the FL Drug Course.

73. As a result, Plaintiff and the Class Members were harmed when they purchased the FL Drug Course, and paid the DMV Processing Fee, which they otherwise would not have purchased had they known the actual, true cost of the DMV Processing Fee.

74. Plaintiff and the Class Members' reliance on Defendant's representation was a substantial factor in causing this harm. Had Plaintiff and the Class Members known the true cost of the DMV Processing Fee, $3.00, not $9.50, they would not have remitted the additional $6.50 to Defendant to satisfy their obligations under FLA. State Ann. 322.095(1) (West).

75. As a direct and proximate result of Defendant's misrepresentation, Plaintiff and the Class Members have suffered injury and are entitled to damages in an amount to be proven at trial but in excess of the minimum jurisdictional requirement of this Court.

## COUNT III

## VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW ("FAL"), CAL. BUS. & PROF. CODE § 17500, *ET SEQ.*

76. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 75, inclusive, of this Complaint as if set forth fully herein.

77. Defendant's statement on the Website that the $9.50 charged was earmarked as a DMV Processing fee is false, as Defendant was and is only permitted and/or required to charge $3.00 for a DMV Processing Fee.

78. A reasonable consumer, after hovering their cursor over the question mark lying in the blue circle, would believe that the entirety of the $9.50 fee was allocated to the applicable governmental entity, as Defendant affirmatively represented, and not for Defendant's pecuniary gain. Thus, the representation is both actually misleading and has a capacity, likelihood, or tendency to deceive or confuse the public at large.

79. Plaintiff and the Class Members reasonably relied on the representation by purchasing the FL Drug Course, inclusive of paying $9.50 for the DMV Processing Fee, in the belief that the DMV Processing Fee was reserved for the applicable governmental entity. The representation that the DMV Processing Fee was mandated by the state and reserved for the applicable governmental entity was a material contribution to Plaintiff and the Class Members purchasing the FL Drug Course and paying the DMV Processing Fee, which they otherwise would not have—had they known the true cost the DMV Processing Fee—$3.00.

80. As a result, Plaintiff and the Class Member were damaged. Plaintiff and the Class Members paid more for the DMV Processing Fee than they would have had they known, and Defendant represented, as it was legally obligated to do, the true price of the DMV Processing Fee—$3.00. As a result, Plaintiff and the Class Members did not receive the benefits of their bargains.

81. Plaintiff and the Class Members have suffered monetary injury in fact as a direct and proximate result of the violations of the FAL committed by Defendant as alleged herein in an amount to be proven at trial but in excess of the minimum jurisdictional amount of this Court.

## COUNT IV
## VIOLATION OF THE UNFAIR COMPETITION LAW ("UCL"), CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*

82. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 81, inclusive, of this Complaint as if set forth fully herein.

83. By Defendant's actions and conduct as alleged herein, Defendant has committed one or more acts of unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200 that constitute unfair, unlawful, and/or fraudulent business practices as those terms are defined under California law.

84. Defendant's business practices are unfair under the UCL because

Defendant acted in a manner that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff and the Class Members. These business practices, described *supra*, include falsely representing that the $9.50 charged to consumers who purchased the FL Drug Course was a DMV Processing Fee. This false representation is substantially injurious because it induces consumers to make purchases that they would not have otherwise made, in expectation of receiving benefits that they do not receive. Further, the impact of the practice on Plaintiff and the Class Members far outweighs any possible justification or motive on the part of Defendant. Plaintiff and the Class Members were duped out of an additional $6.50 under the guise that the entire $9.50 was earmarked as a DMV Processing Fee. Defendant can have no possible justification for including a false inducement to purchase its "DMV Processing Fee." Plaintiff and the Class Members could not reasonably have avoided this injury because they relied on Defendant's representation as to the purpose and allocation of the DMV Processing Fee, as all consumers must do when purchasing services.

85. Defendant's false advertisement is also violative of public policy as expressed in the False Advertising Law. Each of these statutes strictly forbids false advertisements such as Defendant has disseminated and/or caused to be disseminated and represent expressions of public policy against this practice.

86. For this same reason, Defendant's business practices are also unlawful.

87. Defendant's business practices are also unlawful because they violate FLA. State. Ann. §§ 322.095(4); 322.095(11); 559.72(9); Florida Administrative Code, 15A-8.002; and, lastly, because Defendant's actions constitute fraud, within the meaning of Cal. Civ. Code § 1709.

88. Defendant's business practices are also fraudulent under the UCL because they constitute representations to the public which are likely to deceive the public. The representation indicates that the DMV Processing Fee charged by Defendant was wholly pursuant to Florida mandate, when it, in fact, is not. The

public who perceive these representations are likely to believe that the entire amount charged, for $9.50, was earmarked for the state treasury, and were so deceived, when the paid $6.50 more for a DMV Processing Fee than Defendant was permitted to charge.

89. Defendant's actions are also fraudulent because it concealed the true price of the DMV Processing Fee and failed to itemize customers' receipts to reflect that the additional $6.50 would not be remitted to governmental coffers.

90. Defendant's representations are likely to deceive the public because they are untrue and because they create the impression that the monies were strictly for a DMV Processing Fee. A reasonable consumer would believe that if a company represents a state tax to cost a certain sum, that in fact the state tax is as represented, and consumers should be able to have confidence that corporations, such as Defendant, are fairly and responsibly representing the true state of the costs charged.

91. Plaintiff and the Class Members relied on these representations when they purchased the FL Drug Course from Defendant, which they would not have otherwise purchased had they known that the fee Defendant was mandated to charge only costed $3.00, not $9.50.

92. Plaintiff has suffered monetary injury in fact as a direct and proximate result of the acts of unfair competition committed by Defendant as alleged herein in an amount to be proven at trial but in excess of the minimum jurisdictional amount of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all Class Members, respectfully request that the Court enter judgment in their favor and against Defendant as follows:

A. For an Order certifying the Florida Class as defined herein and appointing Plaintiffs and their Counsel to represent the Florida Class;

  B. For Compensatory damages in an amount to be proven at trial;

  C. For affirmative injunctive relief mandating that Defendant remove the false representation from their Website and services;

  D. For recission of Plaintiff and Class Members contracts based on Defendant's fraudulent nondisclosure;

  E. For attorneys' fees, expenses, and costs of suit;

  F. For punitive damages sufficient to deter Defendant from engaging in oppression, malice, and/or fraud, as it has thus far;

  G. For pre-judgment interest to the extent permitted by law; and

  H. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial for all claims so triable.

Dated: August 13, 2021        Respectfully Submitted,

                /s/ Thiago M. Coelho
                Thiago M. Coelho, Esq.
                Binyamin I. Manoucheri, Esq.
                **WILSHIRE LAW FIRM**
                *Attorneys for Plaintiff and Proposed Class*